# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DEBRA KAUFFMAN,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**PETERSEN HEALTH CARE VII, LLC,** )<br>**et al.,** )<br>)<br>**Defendants.** ) | Case No. 12-2079 |

## REPORT AND RECOMMENDATION

In January of 2012, Plaintiff Debra Kauffman filed a Complaint at Law (#1-1) in state court against Defendant Petersen Health Care VII, LLC, and Defendant Darin Wall. Plaintiff brought suit under the Americans with Disabilities Act and the Illinois Human Rights Act. In March of 2012, Defendants filed Defendants' Notice of Removal Pursuant to 28 U.S.C. § 1441 (#1), removing this suit to the United States District Court for the Central District of Illinois. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In March of 2012, Defendants filed Defendant's Rule 12(b)(6) Motion to Dismiss Counts 1 Through 7 of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted (#2). Plaintiff filed Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss Counts 1 Through 7 of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted (#7). After reviewing the parties' pleadings and memoranda, this Court recommends that Defendants' motion to dismiss (**#2**) be **GRANTED** in part and **DENIED** in part. The Court recommends that Defendants' motion be denied with respect to Counts 1 though 6, and that it be granted with respect to Count 7 only.

The Court further notes that Plaintiff's complaint indicates she brings Counts 1 through 6 against Defendant Petersen Health Care only. Count 7 is the only count that Plaintiff brings against both Defendants. Because this Court recommends that Count 7 be dismissed, and this is the only count against Defendant Wall, Defendant Wall should be dismissed from the case.

## I. Background

The following background is taken from allegations in the Plaintiff's Complaint (#1-1), as well as the Charge of Discrimination Plaintiff filed with the Illinois Department of Human Rights and EEOC. (#3-1).

Defendant Petersen Health Care VII, LLC is a nursing home providing long-term care to elderly individuals. Plaintiff was employed as a hairdresser with Defendant from May 1989 until her termination on February 14, 2011. Plaintiff was supervised by Defendant Darin Wall during her employment. (#1, p. 1).

Plaintiff filed charges of discrimination with the Illinois Department of Human Rights (hereinafter "IDHR") on June 24, 2011. Those charges were automatically filed with the EEOC on June 24, 2011. (#1, p. 1). Plaintiff received a "Notice of Dismissal for Lack of Jurisdiction" from the IHRA on October 19, 2011. Plaintiff also received a "Notice of Right to Sue" from the EEOC on November 10, 2011. (#1, p. 2).

On November 22, 2010, Plaintiff was diagnosed with uterine prolapse, cystocele. As a result, Plaintiff was scheduled to undergo surgery on December 22, 2010. On November 23, 2010, Plaintiff informed Defendants that she would need to take leave from work for this surgery. Plaintiff thereafter underwent her surgery and was granted her Family and Medical Leave Act leave. (#1, p. 2). On February 8, 2011, Plaintiff's treating physician Dr. Jeffrey Pfeiffer filled out a "return to work" certificate, stating that as of February 14, Plaintiff "may return to work but not to lift or push over 20 pounds until released to do so." (#1-1, p. 15). These restrictions left Plaintiff unable to push some of her clients' wheelchairs at work.

On or about February 8, 2011, Plaintiff provided Dr. Pfeiffer's "return to work" certificate to Defendant Wall, but Defendant Wall told her she could not return to work because of her restrictions. Plaintiff was not allowed to return to work unless she was completely healed. (#1-1, p. 3). On February 14, 2011, Plaintiff requested to work with accommodations for her inability to push wheelchairs, while offering to sign a waiver for any injuries resulting from her

work. Defendant Wall told Plaintiff he would "speak to corporate" about this situation, and then several days later he informed Plaintiff that no employee was allowed to work in any capacity on any job with any restrictions. (#1-1, p. 3). Plaintiff thus alleges that she was effectively discharged from work. (#1-1, p. 4).

At or around the end of February 2011, Plaintiff saw a job advertised by Defendants for a part-time hairdresser position. Plaintiff inquired about this position, but Defendant Wall told her she could not apply due to her restrictions. (#1, p. 4). Plaintiff alleges that Defendants have since filled Plaintiff's position with a part-time employee, and that this employee receives assistance in pushing wheelchair-bound clients. (#1, p. 5).

In July 2011, Dr. Pfeiffer raised Plaintiff's weight restrictions to lifting up to fifty pounds, noting that Plaintiff's condition could recur with routine heavy lifting of any manner. (#1, p. 16).

Plaintiff's charges with the IHRA and EEOC alleged a "[f]ailure to accommodate physical disability, hysterectomy, on or about Feb. 14, 2011." (#3-1, p. 1). She alleged that she was disabled, that her doctor noted a lifting restriction that would have had little impact on her abilities as a hairdresser, and that Defendants "refused to allow [her] return to work and therein denied reasonable accommodation." (#3-1, p. 1.) Plaintiff also alleged therein "[d]ischarge in Feb. 2011, because of physical disability, hysterectomy." (#3-1, p. 2).

Plaintiff brings several counts against Defendants. In Counts 1-3, Plaintiff alleges that Defendants violated the Illinois Human Rights Act by terminating her employment and subsequently refusing her the opportunity to apply for a part-time position with Defendants because of her disability. In Counts 4-6, Plaintiff alleges that Defendants violated the Americans with Disabilities Act by terminating her employment, failing to make reasonable accommodations, and refusing her the opportunity to apply for a part-time position with

3

Defendants because of her disability. In Count 7, Plaintiff alleges that Defendants' treatment of Plaintiff negligently inflicted emotional distress on Plaintiff.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

### III. Analysis

Defendants argue that Plaintiff's Illinois Human Rights Act ("IHRA"), Americans with Disabilities Act ("ADA"), and negligent infliction of emotional distress claims should be dismissed for failure to state claims upon which relief can be granted. This Court will turn first to Plaintiff's ADA claims as they are the basis for federal subject matter jurisdiction.

### A. ADA Claims, Counts 4-6

In Counts 4-6 of the Complaint, Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") with regard to her termination of employment and exclusion from part-time employment or subsequent re-application to employment. To establish a prima facie case of discrimination under the ADA, a plaintiff must establish that (1) she is disabled under the ADA; (2) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accomodation; and (3) she suffered an adverse employment decision because of this disability. *Scheerer v. Potter*, 443 F.3d 916, 918 (7th Cir. 2006). Defendants argue that Plaintiff's Counts 4-6 should be dismissed because Plaintiff was not disabled under the ADA.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities" of the individual. 42 U.S.C. § 12102(1)(A) (2009). An individual may also be considered disabled within the meaning of the ADA if there is a record of such an impairment, or if she is regarded by the defendant as having such an impairment. Id. Thus, Defendant claims that Plaintiff's ADA claims should be dismissed because Plaintiff was neither disabled nor regarded as disabled under the ADA.

First, regarding whether Plaintiff was actually disabled under the ADA, this Court must consider whether Plaintiff has alleged facts that plausibly indicate she was limited in one or more of the "major life activities" of individuals. A major life activity means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working, among others. 42 U.S.C. § 12102(2)(A). With respect to working, the inability to perform a single, particular job does not constitute a substantial limitation, but rather an

individual must be restricted in the ability to perform a class of jobs or broad range of jobs to be considered "disabled." 29 C.F.R. § 1630.2(j)(3). A "major life activity" may also include the operation of major bodily functions, including but not limited to bowel, bladder, and reproductive functions. 42 U.S.C. § 12102(2)(B).

Defendants argue that Plaintiff was not precluded from a broad range of jobs, but only from Plaintiff's job at Mason Point under Defendant's policies regarding returning to work. Defendants also note that Plaintiff's condition did not rise to the level of a disability because Plaintiff's restrictions were lifted soon after they were instituted. Plaintiff notes that Plaintiff's condition was ongoing. Plaintiff's treating physician lifted Plaintiff's restrictions in July 2011, but noted that Plaintiff's condition could recur if Plaintiff were to engage in routine heavy lifting of any manner. (#1, p. 16). Here, Plaintiff has alleged facts that indicate that she at least plausibly had a condition that affected major life activities and the operation of major bodily functions. Thus, making all inferences in Plaintiff's favor, the Court concludes it is plausible that Plaintiff was disabled under the ADA.

Second, this Court must consider whether Plaintiff failed to state an alternative claim of being *regarded as* disabled under the ADA. An employer regards an employee as disabled under the ADA if that employer mistakenly believes that the employee has an impairment that substantially limits a major life activity or if the employer mistakenly believes that employee's actual but non-limiting impairment substantially limits major life activity. *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 556 (7th Cir. 2011). However, the "regarded as" portion of the statute does not apply to impairments that are transitory and minor, defined as those with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3)(B). Thus, Defendants claim that Plaintiff was not regarded as disabled under the ADA because Plaintiff's condition was transitory and minor.

Here, Plaintiff was diagnosed with her condition on November 22, 2010, and Plaintiff underwent surgery for her condition on December 22, 2010. Plaintiff's doctor did not lift her restrictions related to her condition and surgery until July of 2012. Thus, Plaintiff is alleging a

perceived condition lasting at least six months, exceeding the threshold set in the ADA. As stated above, Plaintiff also pled that her condition was ongoing beyond July 2012, because she remained unable to do any routine heavy lifting. Plaintiff furthermore pled that, after her surgery, Defendants denied her the right to work until her condition fully healed, and that Defendants prevented her from reapplying for her position once her employment was terminated. Making all inferences in Plaintiff's favor, the facts Plaintiff has alleged at least plausibly indicate that Plaintiff was regarded as disabled under the ADA.

Finally, Defendants assert that Plaintiff failed to exhaust administrative remedies before bringing the portion of Plaintiff's ADA claim concerning exclusion from a part-time position with Defendants. Defendants claim that this charge should be dismissed because it was not included in any prior charges to the EEOC.

As a general rule, a plaintiff cannot bring discrimination claims in a lawsuit that were not included in her EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule serves to give the employer warning of the conduct about which the employee is aggrieved. *Id.* However, plaintiffs may pursue claims not asserted in an EEOC charge if those claims are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). As Plaintiff notes, for the "reasonable relationship" requirement to be met, "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501.

Here, Plaintiff brings three separate counts under the ADA. She brings Count IV for "regarded as disabled, per se discrimination," Count V for "failure to make reasonable accommodations," and Count VI for "disparate treatment." In each claim, she alleges that Defendant violated the ADA by failing to accommodate her condition during her employment, discharging her, and also by denying her the opportunity to re-apply to a part-time hairdresser position posted by Defendant after her termination. Defendants argue the third claim, regarding denying her the opportunity to re-apply for the part-time position, is outside the scope of

7

Plaintiff's original charge of discrimination (#3-1). In Plaintiff's charge of discrimination, she merely indicated that the basis of her claim was "[f]ailure to accommodate physical disability, hysterectomy, on or about Feb. 14, 2011." (#3-1).

The Court notes that Plaintiff's various claims, that she was effectively terminated and that Defendants refused to consider her for the advertised part-time position, both occurred close in time. Plaintiff alleges these events occurred merely a couple of weeks apart. Furthermore, Plaintiff's dealings on both subjects were conducted through conversations with her supervisor, Defendant Wall. Finally, both of Plaintiff's claims concern substantially the same factual issues about Defendants' allegedly discriminatory conduct. The Court concludes that, due to these similarities across Plaintiff's claims in this case, that Plaintiff's claim for refusal to re-hire is reasonably related to her claim for failure to accommodate her physical disability. The Court therefore finds that Plaintiff did not fail to exhaust her administrative remedies.

In so concluding, the Court notes that this case may be distinguished from Seventh Circuit authority indicating that "an employer's decision to terminate a worker is a separate and distinct act from a subsequent decision not to rehire that employee." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). In *Sauzek*, two plaintiffs brought suit against their former employer, alleging age discrimination, after they had been selected for termination in a mass lay-off. *Id*. at 917. Six months after plaintiffs were laid off, Exxon re-opened the mine where the plaintiffs had worked, but it did not rehire the plaintiffs. *Id*. Exxon indicated it recalled many employees, but not all, because it required fewer workers. *Id*. The Seventh Circuit noted that the decision to terminate and the subsequent decision not to rehire were "wholly independent," and therefore omitting the "failure to rehire" claim from the EEOC charges was fatal to plaintiffs' claim. *Id*. at 920. Plaintiff's complaint before this Court is factually distinguishable in several important respects. First, Plaintiff has alleged that the same individuals were responsible for the decision to terminate her and the decision not to rehire her, and that these events took place merely two weeks apart. Also, Plaintiff has alleged not only that Defendants refused to rehire her, but that Defendants told her she was ineligible to apply due to her physical condition. Also, Plaintiff alleges that the worker hired to replace her received

8

assistance in pushing wheelchairs, the same accommodation that Plaintiff had requested. In this context, Defendants' alleged actions are a mere extension of the same alleged discriminatory policy that led to Defendants' decision to prevent her from returning to work. The Court therefore concludes that, in this case, Defendants' decision to terminate Plaintiff was not separate and distinct from Defendants' subsequent decision not to rehire her.

**B.      IHRA Claims, Counts 1-3**

In Counts 1-3 of the Complaint, Plaintiff alleges that Defendants violated the Illinois Human Rights Act ("IHRA") with regard to her termination of employment and exclusion from part-time employment or subsequent re-application to employment. Defendants argue that Plaintiff's Counts 1-3 should be dismissed because Plaintiff is not disabled under the IHRA. The IHRA excludes from the definition of "disability" those conditions that are "transitory and insubstantial" and those that are "not significantly debilitating or disfiguring." 56 Ill. Adm. Code § 2500.20(b)(1). Defendants argue that, based on Plaintiff's allegations, her condition was "transitory and insubstantial" as a matter of law.

As explained above, Plaintiff has pled that her condition was ongoing and limiting. Defendants discuss one Illinois Appellate Court case and several Illinois Human Rights Commission decisions affirming or sustaining dismissal of various conditions as transitory in nature, to support the proposition that Plaintiff's condition was transitory in nature as a matter of law. *See* (#3, p. 5). However, these decisions are unpersuasive because they do not consider dismissal under federal pleading standards, and are not entirely factually analogous to Plaintiff's claims. Here, Plaintiff must only provide a short and plain statement of the claim showing that she is entitled to relief. FED. R. CIV. P. 8(a)(2). Making all inferences in Plaintiff's favor, the facts Plaintiff has alleged at least plausibly indicate that she is entitled to relief under IHRA.

**C.      Negligent Infliction of Emotional Distress, Count 7**

Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted regarding Plaintiff's negligent infliction of emotional distress claim. Defendants argue that Plaintiff's claim is preempted by Illinois Workers' Compensation Act, 820 ILCS 305/1 *et*

*seq.* Under Section 5(a) of the Workers' Compensation Act:

> No common law or statutory right to recover damages from the employer . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act . . . ."

820 ILCS 305/5(a). For a claim to avoid preemption, a plaintiff must establish that the injury "(1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act." *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237 (Ill. 1980); *see also Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951, 956-58 (N.D. Ill. 2002). Plaintiff claims that Plaintiff's negligent infliction of emotional distress claim is not preempted by Section 5(a) because this claim arises from the denial of Plaintiff's opportunity to re-apply to her former position.

The Court notes that, in her complaint, Plaintiff bases her claim on the following premises: Defendants owed her a duty to provide a work environment free of discrimination, that Defendants owed her a duty to provide reasonable accommodation for her physical limitations, and that Defendants breached these duties by discharging her. (#1-1, p. 13). Plaintiff alleges that, as a result of these breaches, she suffered emotional distress in losing her job of twenty years. (#1-1, p. 13). On the face of Plaintiff's complaint, her claim for negligent infliction of emotional distress unquestionably arises from her employment relationship with Defendants. The Court therefore recommends that Plaintiff's negligent infliction of emotional distress claim be dismissed.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants' Motion to Dismiss **(#2)** be **GRANTED** in part and **DENIED** in part. This Court recommends Defendants' Motion to Dismiss be **GRANTED** with respect to Count 7, concerning Plaintiff's claim for negligent infliction of emotional distress. This Court recommends Defendants' Motion to Dismiss be **DENIED** with respect to all other counts. Because Count 7 is the only count which names Defendant Wall, the Court further recommends that Defendant Wall be dismissed from the case.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 22nd day of June, 2012.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE